Ralph A. Horton, Esq. Attorney for the East Irondequoit Central School District
As attorney for the East Irondequoit Central School District you inquire whether the school district business manager simultaneously may hold the position of school district treasurer. You point out that the office of auditor has been established by the board of education and an auditor has been appointed. As for the business manager you state that:
 "1. He acts as purchasing agent, authorizing purchase orders and purchases.
 2. He supervises the Business Office, including payroll and the accounts payable area.
 3. He has administrative duties being charged with the responsibility over buildings and grounds.
4. He acts as Director of Transportation.
 5. He has administrative authority over cafeteria operations."
The treasurer, of course, has the duty of signing all checks in payment of purchases, wages and salaries.
The resolution of the problem posed depends upon whether there is an incompatibility between the two functions of school district business manager and treasurer.
The leading case on incompatibility of office is People ex rel. Ryan vGreen, 58 N.Y. 295 (1874), in which it was said:
"Incompatibility between the two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it."
Education Law § 1804 subd 1 provides that each central school district board of education shall have the same powers and duties as boards of education in union free school districts. Education Law §1724 subd 1 prohibits payment of a claim against either of those school districts (except for agreed-upon wages) unless an itemized voucher for the claim, approved by the officer whose action gave rise to or originated the claim, has been presented to the board of education, which shall audit the claim before it is allowed and paid. Education Law § 1709 subd 20-a authorizes the establishment of the office of auditor by the board of education of a union free school district and states that no person is eligible for appointment to the office of auditor who is:
"(1) a member of the board of education;
(2) the clerk or treasurer of the board of education;
 (3) the official of the district responsible for business management;
(4) the person designated as purchasing agent; and
 (5) clerical personnel directly involved in accounting and purchasing functions."
From the foregoing, it will be seen that the activity of the business manager in relation to expenditures is insulated from the activity of the treasurer in making payment for expenses through an independent auditing process performed either by the board of education or, if there is one, the school district auditor.
In our opinion, there is no incompatibility which would prevent the simultaneous holding by the same individual of the two positions of school district business manager and treasurer of the school district in a central district or a union free school district.